**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIONEL HARPER, et al., | No.    22-16429 |
| Plaintiffs-Appellees, | D.C. No. 2:19-cv-00902-WBS-DMC |
| v. | |
| CHARTER COMMUNICATIONS, LLC, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted September 14, 2023[**]
San Francisco, California

Before:  S.R. THOMAS, FORREST, and MENDOZA, Circuit Judges.
Judge S.R. THOMAS concurring.

Defendant Charter Communications, LLC ("Charter") appeals from the

district court's denial of its motion to compel arbitration of Plaintiff Lionel

Harper's claim for penalties under the Private Attorney General Act, Cal. Lab.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Code §§ 2698-2699.8 ("PAGA"). We have jurisdiction under 9 U.S.C. § 16, and we review *de novo* the district court's denial of a motion to compel arbitration. *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021). We affirm.

1. "In deciding whether to compel arbitration under the [Federal Arbitration Aact], a court's inquiry is limited to two 'gateway' issues: '(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Lim*, 8 F.4th at 999 (quoting *Chiron Corp. v. Ortho Diagnostics Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). "As with any other contract dispute, we first look to the express terms" of the agreement. *Chiron*, 207 F.3d at 1130. Here, the parties' Arbitration Agreement expressly excludes preexisting litigation, like Harper's PAGA claims. Section P provides:

> **Entire Agreement.** This Agreement sets for [sic] the complete agreement of the parties on the subject of resolution of the covered disputes, and supersedes any prior or contemporaneous oral or written understanding on this subject; provided, however, that this Agreement will not apply to the resolution of any charges, complaints, or lawsuits that have been filed with an administrative agency or court before the Effective Date of this Agreement.

The parties agree that the Effective Date is May 23, 2021, and that Harper's PAGA claims date back to May 3, 2019, when he first brought them against Charter in state court. Because the Arbitration Agreement does not "encompass[] the dispute at issue," Charter's motion must be denied. *Lim*, 8 F.4th at 999 (quoting *Chiron*, 207 F.3d at 1130).

2

The district court denied Charter's motion on a different ground. It rejected Harper's argument that Section P exempted his claims, and proceeded to analyze whether the Arbitration Agreement's PAGA waiver was enforceable as to Harper's individual PAGA claims.[1] Construing ambiguities in the agreement against Charter, the drafter, the district court held that the PAGA wavier was unenforceable. We need not decide, however, whether the district court was correct in its analysis regarding the PAGA waiver because Section P exempts the disputed claims from arbitration in any case, and we "may affirm on any ground supported by the record." *Brown v. Dillard's, Inc.*, 430 F.3d 1004, 1009 (9th Cir. 2005).

2. The district court rejected Harper's argument about Section P because "Harper's claims are not excluded from arbitration under section C(14)." Section C, titled "Excluded Claims," lists fourteen types of claims "specifically excluded from arbitration under this Agreement." The district court found that Harper's

---

[1] In *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022), the Supreme Court held that individual PAGA claims—where an employee sues, as an agent or proxy of the state, for harms he personally sustained—could be compelled into arbitration. *Id.* at 1924. Additionally, the state-law bar on waivers of non-individual PAGA claims—those based on code violations sustained by other employees—remained valid. *Id.* at 1924–25. Thus, an arbitration provision is "invalid if construed as a wholesale waiver" of both individual and non-individual PAGA claims. *Id.* at 1924. But a party is "entitled to enforce the agreement insofar as it mandate[s] arbitration of [the plaintiff]'s individual PAGA claim." *Id.* at 1925.

3

claims were previously subject to an arbitration agreement—one he signed during his employment in 2017—so they were not excluded by Section C. That is no reason to ignore the plain language of Section P.

Under California law, courts "must interpret contractual language in a manner which gives force and effect to *every* provision, and not in a way which renders some clauses nugatory, inoperative or meaningless." *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 473 (1998); *accord Int'l Brotherhood of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1042 (9th Cir. 2020) (same). The district court violated this guidance by relying on Section C(14) at Section P's expense. To give meaning to both sections, Section C should be read as supplementing, not narrowing, Section P. The district court erred by reading Section C as expanding the scope of the Arbitration Agreement, which in turn rendered "meaningless" Section P's exemption for preexisting litigation. *City of Atascadero*, 68 Cal. App. 4th at 473.

3. Finally, Charter asks us to ignore as beyond the scope of this appeal Harper's argument about Section P and the scope of the Arbitration Agreement. But that is precisely the task at hand. As already discussed, we review *de novo* denials of motions to compel arbitration, *Lim*, 8 F.4th at 999, and we may affirm on any ground supported by the record, *Brown*, 430 F.3d at 1009. Moreover, we must decide "whether the agreement encompasses the dispute at issue," *Lim*, 8

F.4th at 999 (quoting *Chiron*, 207 F.3d at 1130), and we do so by "first look[ing] to the express terms" of the Arbitration Agreement, *Chiron*, 207 F.3d at 1130. Here, the express terms show that the Arbitration Agreement does not encompass the claims before us.

**AFFIRMED.**

*Harper v. Charter Communications*, No. 22-16429

S.R. Thomas, Senior Circuit Judge, concurring:

I agree with the majority that the district court did not err in denying Charter's motion to compel arbitration.  I write separately to register my agreement with the district court's conclusion that "[b]ecause . . . the representative action waiver is unenforceable as to PAGA claims as a matter of law . . . the Agreement is 'null and void with respect to' such claims."

The Supreme Court has affirmed that under California law, a "wholesale waiver" of an employee's PAGA claims is void and unenforceable.  *Viking River v. Moriana*, 142 S.Ct. 1906, 1924-25 (2022); *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348, 384 (2014).

The Arbitration Agreement before us purports to waive Harper's right to bring claims against Charter in "any purported class or representative proceeding." This is a wholesale waiver that is therefore invalid and unenforceable.  *See* 142 S.Ct. at 1916, 1924.  Because the Agreement does not allow the offending waiver to be severed, I would hold that the Agreement is void as to Harper's PAGA claims regardless of how we interpret the relationship between Section C and Section P. However, I agree that, given the rationale of the disposition and the result, that it is not necessary to reach that question. Therefore, I fully concur.